IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-64,215-01






EX PARTE DESMOND BOWIE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. F95-02591-QM IN THE 194TH JUDICIAL DISTRICT COURT

DALLAS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of murder, and punishment was assessed at fifty-five
(55) years' confinement. Applicant's conviction was affirmed on appeal. Bowie v. State, No.
05-96-01697-CR (Tex. App. --Dallas, delivered October 14, 1999, pet. ref'd).

 Applicant contends that the trial court lacked jurisdiction because Applicant was a
minor and the discretionary transfer of jurisdiction from the juvenile court to the district court
was void, in that Applicant was not properly served with the delinquency petition, summons,
and petition for transfer. 

 The trial court has entered findings of fact or conclusions of law finding, "The records
relating to Cause No. F95-02591-QM clearly reflect that Applicant's jurisdictional rights
were not violated by either the district court or the juvenile court that certified Applicant to
stand trial as an adult." However, it is this Court's opinion that more information is needed
before this Court can render a decision.

 Thus, the district court shall order the Dallas County District Clerk to provide a
complete transcription of all the matters and proceedings of Applicant's cause of conviction,
including any relevant juvenile court proceedings, or provide an affidavit indicating that a
diligent search has been performed to locate the records to no avail or other explanation as
to why the records could not be located.

 This application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution shall be accomplished by the
trial court within thirty (30) days of the date of this order (1), and a supplemental transcript
containing the Dallas County District Clerk's affidavit or an adequate record of this cause
shall be returned to this Court within sixty (60) days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 29th DAY OF MARCH, 2006.





EN BANC

DO NOT PUBLISH 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.